**Dated: July 3, 2024**

**The following is ORDERED:**



PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

JAMES WYTT BELCHER,                Case No. 24-80319-PRT
    Debtor.                                       Chapter 11 Subchapter V

### ORDER CONVERTING CASE TO CHAPTER 7

Before the Court is the Motion to Convert Case to Chapter 7 filed by the United States Trustee pursuant to 11 U.S.C. § 1112(b).[1] After review of the record and based on the evidence presented to the Court, the Court finds that good cause exists to convert this case to Chapter 7. Due to the dismissal of companion Case No. 24-80318 Arnold Brothers Forest Products, Inc., Debtor is unable to establish a reasonable likelihood that a plan can be confirmed. Conversion is in the best interest of creditors.

---

[1] ECF No. 57.

## Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(a). A motion to convert is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(A). This Order constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 9014.

## Findings of Fact

Debtor James Wytt Belcher ("Belcher") is the president and sole owner of Arnold Brothers Forest Products, Inc. ("Arnold Brothers"). Belcher and Arnold Brothers filed bankruptcy under Sub Chapter V on April 30, 2024. This Court entered an Order of Dismissal in the Arnold Brothers case, which included extensive findings of fact.[2] The Court incorporates that Order, including the findings of fact and conclusions of law, herein by reference.

The Sub V Trustee filed a response in support of the U.S. Trustee's Motion and urges conversion.[3] Creditor AmeriState Bank filed a Motion to Dismiss.[4] At the conclusion of the evidentiary hearing, counsel for AmeriState agreed that the evidence supported conversion rather than dismissal of this case.

During this Court's evidentiary hearing on June 20, 2024, Belcher testified that his sole sources of income were social security and the business operations of Arnold Brothers. He also testified that if the Arnold Brothers chapter 11 case is dismissed and AmeriState then proceeds with its foreclosure and receivership action in state court, he would probably not have any ability to reorganize his personal bankruptcy case. He also stated that his personal assets include an

---

[2] Case No. 24-80318, *Order of Dismissal*, ECF No.158, entered July 3, 2024.
[3] ECF No. 53.
[4] ECF No. 35.

interest in a house in Atoka with five acres of land which he owned free and clear. He also owns property that may be held in a trust with his wife.

At the Court's request, Belcher and the U.S. Trustee filed Stipulations of Fact ("Stipulations") regarding the status of Belcher's trust and real property in Atoka, Oklahoma, which Belcher listed on his schedules.[5] The Court incorporates these Stipulations into its Findings of Fact herein. Based upon these Stipulations, Belcher owns real property in Atoka County free and clear, as recorded mortgages have been fully satisfied. In addition, Belcher's Schedule A/B lists vehicles and trailers that may be available for the benefit of creditors.[6]

## Conclusions of Law

Since the Arnold Brothers case has been dismissed, Belcher's testimony and Stipulations establish it is unlikely he has any ability to reorganize his personal bankruptcy case. His only source of funds will be social security income. Therefore, the Court concludes that he is unable to continue in this chapter 11 case.

It is within this Court's discretion to decide whether dismissal or conversion is in the best interest of creditors and the bankruptcy estate.[7] Belcher has stipulated that he owns real estate that is free and clear of any liens, claim or encumbrances. The U.S. Trustee, Sub V Trustee and AmeriState urge the Court to choose conversion rather than dismissal. Given that there may be unencumbered assets available for liquidation and distribution by a chapter 7 trustee, the Court concludes that conversion to Chapter 7 is in the best interest of creditors.

---

[5] ECF No. 136.
[6] ECF No. 69.
[7] *See In re Exigent Landscaping, LLC,* 656 B.R. 757, 774 (Bankr. E.D. Mich. 2024).

## Order of the Court

For the reasons stated herein,

IT IS HEREBY ORDERED that the Motion to Convert Case to Chapter 7 filed by the United States Trustee (ECF No. 57) is **granted,** and this case is hereby **converted to Chapter 7.**

IT IS FURTHER ORDERED that since the case is being converted to Chapter 7, AmeriState Bank's Motion to Dismiss (ECF No. 35) is **denied.**

# # #